IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB BURGESS, | ) | CASE NO. 1:11 CV 1865 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an application by plaintiff Jacob Burgess for an order
authorizing the payment of $3,620.41 in attorney's fees under the Equal Access to Justice
Act ("EAJA"), 28 U.S.C. § 241(d).[2] In reliance on the parties' stipulation that a remand was
appropriate,[3] United States District Court Chief Judge Solomon Oliver, Jr. entered an order
reversing the decision of the Commissioner in this case and remanding the matter for further
proceedings under sentence four of 42 U.S.C. § 405(g).[4]

---

[1] By non-document order entered on February 1, 2013, United States District Court
Chief Judge Solomon Oliver, Jr. referred this matter to me for the preparation of a report and
recommendation by March 15, 2013.

[2] ECF # 28.

[3] ECF # 26.

[4] ECF # 27.

As the Commissioner notes in his response to Burgess's fee application,[5] there is no dispute that the fee application here was timely filed, that Burgess was the prevailing party, or that the Commissioner's position was not substantially justified.[6] Thus, the only issue remaining for adjudication is the amount of the fee requested.[7] As will be further discussed below, the Commissioner argues that the requested rate is excessive for exceeding the statutory cap without justification for such a deviation.[8]

For the reasons that follow, I will recommend that Burgess's motion be granted.

## Facts

The only issue here is the amount of the fee sought, or specifically, the hourly rate sought by Burgess's counsel.

### A.    Burgess's position

Burgess observes initially that the EAJA statute as amended in 1996 provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee."[9]

---

[5] ECF # 30.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.*

[9] 28 U.S.C. § 2412(d)(A)(iii).

Burgess argues that an attorney fee in excess of $125 per hour is justified in this instance for three reasons: (1) the cost of living has increased since the EAJA amendment in 1996;[10] (2) the prevailing hourly rate for attorneys in Cleveland is greater than the rate requested here;[11] and (3) Burgess's counsel charges more than the hourly rate requested here,[12] which request is for $175.00 per hour for work done in 2011 and $177.77 per hour for work done in 2012.[13]

In addition, Burgess maintains that this Court has approved fees based on an attorney's "historic rate" approach for "many years."[14] He contends that the Commissioner has "only recently" raised an issue as to whether increasing the fee award on the basis of inflation and the "historic rates" approach is an improper method for calculating fees under the EAJA.[15] Such arguments, Burgess asserts, "appear[] to be an effort [by the Commissioner] to defeat the original purpose for the enactment of the EAJA" and so should not impede an award here on the terms requested.[16]

---

[10] ECF # 28 at 4.

[11] *Id.*

[12] *Id.*; *see also*, *id.* at 6 (hourly rate for Burgess's counsel "has been between $350 to $385 per hour" for the past two years).

[13] *Id.* at 5.

[14] *Id.* at 6.

[15] *Id.*

[16] *Id.* at 7.

In support of the fee application, Burgess presents:

1.      The 2010 survey titled "The Economics of Law Practice in Ohio" issued by the Ohio State Bar Association;[17]

2.      an affidavit from Paulette F. Balin, Burgess's attorney, setting forth in brief her professional qualifications and attesting to the accuracy of the records submitted for this case;[18]

3.      an affidavit from Sabrina Veal, a case manager in Attorney Balin's office, attesting that the average hourly rate for attorneys in that office has ranged from $350 per hour to $385 per hour over the past two years;[19]

4.      an affidavit from Louise Mosher, a Cleveland attorney with 38 years of experience representing Social Security claimants, attesting that her hourly rate is $350 per hour;[20]

5.      an itemized time sheet for Attorney Balin, together with the U.S. Bureau of Labor Statistics annual consumer price index (CPI) for all urban consumers in the Cleveland-Akron area;[21]

6.      an itemized time sheet for Attorney Linda Pettit;[22] and

7.      an affidavit from Attorney Pettit.[23]

---

[17] *Id.*, Ex. A.

[18] *Id.*, Ex. B.

[19] *Id.*, Ex. C

[20] *Id.*, Ex. D.

[21] *Id.*, Ex. E.

[22] *Id.*, Ex. F.

[23] *Id.*, Ex. G.

**B.     Commissioner's position**

In response, the Commissioner essentially argues that Burgess's fee request should
be reduced because the rate requested exceeds the statutory cap without proof of a reasonable
basis for that variation.[24]

The Commissioner notes first that the party requesting fees has the burden of proving
that the amount requested is reasonable.[25] As such, the Commissioner contends that under
EAJA a court may, but is not required to, permit the award of fees above the statutory
amount.[26] Here, the Commissioner maintains that none of the three reasons offered by
Burgess "show[s] that the amount requested is reasonable under the EAJA."[27]

As to an increase based on the cost of living, the Commissioner argues that the EAJA
"does not mandate an automatic increase in attorney fees for increases in the cost of living,"
but requires the court to determine "that the increase in the cost of living justifies a higher
fee."[28] In that regard, the Commissioner notes that the Sixth Circuit in *Bryant v.
Commissioner*[29] has held that it is not an abuse of discretion to limit fees to the statutory
amount where arguments for an increase were based solely on citation to the rate of

---

[24] ECF # 30 at 2-3.

[25] *Id.* at 3.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009).

inflation.[30] Quoting from the Seventh Circuit opinion in *Mathews-Sheets v. Astrue*,[31] the Commissioner asserts that any inflation adjustment must then be justified by a showing that without such an increase "'a lawyer capable of competently handling the challenge that his client mounted could not be found in the relevant geographic area to handle such a case.'"[32] The Commissioner observes that there are attorneys in Ohio who are available to represent claimants at the unadjusted statutory rate of $125 per hour.[33]

In addition, the Commissioner argues that a given attorney's experience in Social Security law does not justify an increase in the statutory fee maximum.[34] Moreover, the Commissioner maintains that Burgess has not shown that the prevailing rate for Social Security lawyers in Cleveland is commensurate with the rate sought.[35]

## Analysis

### A.    Standard of review

As the Sixth Circuit has explained, the EAJA, which was enacted in 1990, "provides for the award of attorney fees to a party prevailing against the United States in a civil action

---

[30] ECF # 30 at 3-4 (citing *Bryant*, 578 F.3d at 450).

[31] *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011).

[32] ECF # 30 at 5 (quoting *Mathews-Sheets*, 683 F.3d at 565).

[33] *Id.* (citing *Bouter v. Comm'r of Soc. Sec.*, No. 1:09-cv-2682 (N.D. Ohio Dec. 30, 2011); *Davis v. Comm'r of Soc. Sec.*, 2008 WL 4845305, at *4 (S.D. Ohio Nov. 7, 2008)).

[34] *Id.* (citations omitted).

[35] *Id.* at 6-7.

when the position taken by the United States is not substantially justified and no special circumstances exist warranting a denial of fees."[36] Because Congress was aware that people might be deterred from seeking review of unreasonable government actions due to the expense involved, the EAJA was enacted to "make challenges to unreasonable government action more accessible to certain individuals by allowing them to recoup reasonable attorney fees and costs, should they prevail."[37]

Before proceeding to consideration of any particular fee amount requested under the EAJA statute, the court must, as noted above, determine that (a) the plaintiff was the prevailing party, (b) the position of the United States was not substantially justified and (c) no special circumstances are present that would make the award of fees unjust.[38] Once a determination is made that a plaintiff is eligible for attorney fees under the EAJA statute, the court must determine if the fee requested is reasonable.[39]

---

[36] *Bryant*, 578 F.3d at 445.

[37] *Id.* at 446 (citation omitted).

[38] 28 U.S.C. § 2412(d)(1)(A); *Bryant*, 578 F.3d at 445.

[39] *See*, 28 U.S.C. § 2412(d)(2)(A); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley [v. Eckerhart*, 461 U.S. 424 (1983)].")

As noted by Judge Adams in *De Nunez v. Commissioner of Social Security*, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[40]

Initially, in arriving at a determination of the number of hours that may reasonably be included in the fee calculation, counsel should exclude hours that are excessive, redundant, or otherwise unnecessary.[41] Further, the EAJA limits attorney fees to time spent in the litigation process, which includes the EAJA application process.[42] In that regard, absent extraordinary circumstances, the average number of hours for an attorney to work on an average Social Security case ranges from 30 to 40 hours.[43]

As to the hourly rate, the EAJA as amended "provides a presumptive statutory cap of $125.00 per hour on the billing rates that a claimant can recover for attorney fees 'unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'"[44] A prevailing party requesting an increase above the statutory cap "bears the burden of

---

[40] *De Nunez v. Comm'r of Soc. Sec.*, No. 1:11CV2285, 2013 WL 60429, at *1 (N.D. Ohio Jan. 3, 2013) (citations omitted); *see also*, *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (fees are determined under the EAJA by "'the time expended' and the attorney's '[hourly] rate.'").

[41] *De Nunez*, 2013 WL 60429, at *1 (citing *Hensley*, 461 U.S. at 434).

[42] *Id.*

[43] *Hawk v. Astrue*, No. 4:11CV196, 2013 WL 139799, at *1 (N.D. Ohio Jan. 10, 2013) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990).

[44] *Id.*, at *2 (quoting 28 U.S.C. § 2412(d)(2)(A)).

producing appropriate evidence to support the requested increase."[45] Thus, the Sixth Circuit

stated in *Bryant*, the plaintiff "must produce satisfactory evidence – in addition to the

attorney's own affidavits – that the requested rates are in line with those prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience, and

reputation."[46] But, simply adducing evidence that the cost of living has increased, without

more, is insufficient to justify an increase over the $125.00 per hour fee.[47]

As will be discussed below, a substantial number of courts within this District have

recently concluded that when, in addition to showing an increase in the consumer price index

(CPI) for the relevant area, a plaintiff also offers evidence demonstrating that counsel has

practiced extensively in the area of social security and routinely charges more than the

statutory hourly rate, as well as evidence that the rate requested is in line with rates charged

for similar services by other lawyers of comparable skill and experience, the Sixth Circuit's

mandate in *Bryant* has been complied with and the increase in the hourly rate may be

approved.[48]

To the contrary, some decisions in this District, relying on the Seventh Circuit's

decision in *Mathews-Sheets v. Astrue*,[49] emphasize that increases above the statutory amount

---

[45] *Bryant*, 578 F.3d at 450.

[46] *Id.*

[47] *Id.*

[48] *See*, *e.g.*, *Hawk*, 2013 WL 139799, at *3 (collecting cases).

[49] *Mathews-Sheets*, 653 F.3d 560.

are discretionary and must be clearly proven.  As Judge Nugent explained in *Jones v. Commissioner of Social Security*,[50] the framer of the EAJA did not "'create an *entitlement* to an inflation adjustment.'"[51] Thus, "[t]he mere fact that hourly increases have been granted without objection in the past, or ...[on the basis of] the opinion of one attorney [in the area] as to what she believes [the hourly rate] should be [does not satisfy the burden of proof set forth in *Bryant*]."[52]

That said, ultimately, it is within the court's discretion after review of all the evidence to award fees greater than the $125.00 per hour statutory amount.[53]

**B.      Application of standard**

As both parties acknowledge, the fee petition here is governed by the EAJA as construed by the Sixth Circuit in *Bryant*. In addition, both sides agree that the only issue for adjudication is whether the claimed hourly rate is reasonable.

This precise issue has been the subject of numerous recently decided cases within this District.  Just within the past several months, opinions from District Judges Sara Lioi,[54]

---

[50] *Jones v. Comm'r of Soc. Sec.*, Case No. 1:10-cv-2568 (N.D. Ohio Sept. 11, 2012).

[51] *Id*. at 6 (quoting *Mathews-Sheets*, 653 F.3d at 563) (emphasis in original).

[52] *Id*. at 7.

[53] *Hawk*, 2013 WL 139799, at *2 (citation omitted).

[54] *Kane v. Astrue*, No. 1:10CV1874, 2012 WL 5357781 (N.D. Ohio Oct. 31, 2012).

John R. Adams,[55] Benita Y. Pearson,[56] James S. Gwin,[57] David A. Katz,[58] Donald C. Nugent,[59] and Jack Zouhary[60] have addressed the issue raised here. In addition, also within the past few  months, Magistrate Judge George J. Limbert, acting by consent, has issued an opinion in one case;[61] while Magistrate Judge Greg White, also acting by reason of consent to his jurisdiction, has issued orders in two separate cases;[62] and Magistrate Judge Nancy Vecchiarelli has issued one.[63] Moreover, Magistrate Judge Kathleen B. Burke has issued two reports and recommendations going to the issue presented in this matter.[64]

---

[55] *De Nunez*, 2013 WL 60429.

[56] *Lanken v. Comm'r of Soc. Sec.*, No. 5:11CV2607, 2013 WL 237478 (N.D. Ohio Jan. 22, 2013); *Cogar v. Comm'r of Soc. Sec.*, Case No. 5:11-cv-1585 (N.D. Ohio Nov. 13, 2012).

[57] *Keyes v. Astrue*, No. 1:11-CV-0312, 2012 WL 2498892 (N.D. Ohio June 27, 2012).

[58] *Gonzales v. Comm'r of Soc. Sec.*, Case No. 3:10-cv-2671 (N.D. Ohio June 21, 2012).

[59] *Jones*, Case No. 1:10-cv-2568.

[60] *McFerren v. Comm'r of Soc. Sec.*, No. 3:11 CV 1677, 2013 WL 123684 (N.D. Ohio Jan. 9, 2013).

[61] *Hawk*, 2013 WL 139799.

[62] *Vasquez v. Astrue*, No. 3:11-CV-0177, 2012 WL 3637676 (N.D. Ohio Aug. 22, 2012); *Jaworski v. Astrue*, No. 1:10-CV-02936, 2012 WL 3552634 (N.D. Ohio Aug. 16, 2012).

[63] *Rodriguez v. Astrue*, No. 3:11-CV-398, 2012 WL 2905928 (N.D. Ohio July 16, 2012).

[64] *Adams v. Astrue*, No. 5:11CV904, 2012 WL 3144829 (N.D. Ohio July 26, 2012); *Taylor v. Astrue*, No. 1:12CV293, 2012 WL 5471807 (N.D. Ohio July 25, 2012).

Initially, I note, as did Magistrate Judge Limbert in *Hawk*, that both "United States Magistrate Judges and District Judges of this Court have disagreed about the quantity of evidence that must be shown in order to justify an increase in attorney fees above the statutory cap for attorney fees of $125 per hour."[65] Moreover, there is also disagreement as to whether courts in this District "have been reluctant to increase the statutory hourly rate,"[66] or whether, "in light of the holdings by colleagues in this District," evidence such as is presented here is now accepted as sufficient to justify an increase in the statutory rate.[67]

Significantly for the present case, *Hawk*, which was just decided in January, involves the same attorney as here, who largely presents identical arguments to those made here and supports the arguments by substantially the same types of evidence as in this matter.[68] Thus, recommending a different result from what obtained in *Hawk* on virtually identical evidence imposes an additional burden on the reviewing court in this case.

However, the present case may also be analyzed under the reasoning in *Jones* so as to arrive at a different result. Beyond the CPI information, the fee application here relies on an affidavit from another attorney specializing in Social Security law in the Cleveland area and on the bar association survey of local billing rates. As to the bar association survey,

---

[65] *Hawk*, 2013 WL 139799, at *3; *see also*, *Jones*, Case No. 1:10-cv-2568 at 7. ("The Court recognizes that decisions in this District are inconsistent with regard to the type of evidence sufficient to justify an hourly rate increase.")

[66] *Jones*, Case No. 1:10-cv-2568 at 6.

[67] *Hawk*, 2013 WL 139799, at *3.

[68] *Id.*, at *2.

Judge Nugent in *Jones* found that, "without any discussion of the kind or quality of services rendered [in the survey]," a general citation to billing rates not specific to Social Security attorneys is "unhelpful."[69] Further, Judge Nugent also questioned the evidentiary value of "the opinion of one attorney" as to what the appropriate hourly rate should be.[70]

But, that said, and absent a clear consensus approach to this issue from the various courts of this district or the articulation of a uniform standard of review,[71] I recommend adopting the standard set in *Hawk*, and by most of the courts within the district, whereby (1) proof of an increase in the CPI, plus (2) proof from the bar association survey of hourly rates in the area, as well as (3) the affidavit of another attorney of comparable experience in the practice of Social Security law as to that attorney's hourly rate, collectively constitute "'satisfactory evidence'" that a requested hourly rate above the statutory amount is "'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"[72] Without minimizing the concerns expressed

---

[69] *Jones*, Case No. 1:10-cv-2568 at 7; *see also*, *Taylor v. Astrue*, Case No. 1:12-cv-293 (N.D. Ohio Nov. 8, 2012) (Gaughan, J.) (noting that a national survey of law firm economics "at best" provides average billing rates for the state, not specific information as to Cleveland or attorneys specializing in Social Security law, and is thus "an insufficient basis on which to justify an increase in the hourly rate.").

[70] *Id*.

[71] *See*, *id.* at 7 n.2. The "confusion" created by the lack of a uniform standard for evaluating EAJA fee requests manifests itself in decisions that "vary widely" within this District. Thus, "[i]t may be advisable for Courts within the Northern District of Ohio to examine how these issues are decided and to formulate a uniform standard for reviewing requests for hourly rate increases."

[72] *Hawk*, 2013 WL 139799, at *3 (quoting *Bryant*, 578 F.3d at 450).

in *Jones*, or fully resolving any differences existing between that case and this one, the recommended result here (1) is justified under the test adopted in *Hawk*, (2) conforms to the very recent result in that nearly identical case, and (3) is consistent with the approach taken by the majority of courts that have recently addressed this issue within the Northern District of Ohio.

## Conclusion

Accordingly, for the reasons stated, I recommend that Burgess's fee application be granted.

Dated:  February 12, 2013                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[73]

---

[73] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).