UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB BURGESS, | ) | Case No.: 1:11 CV 1865 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Michael J. Astrue, the Commissioner of Social Security (the "Commissioner"), denied disability benefits to the claimant, Jacob Burgess ("Plaintiff") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, but ultimately, the parties submitted a stipulation to the court, indicating that remand was appropriate and the court reversed the decision of the Commissioner and remanded the case. (Order. ECF No. 27) Thereafter, Plaintiff filed an Application for Payment of Attorney Fees Pursuant to the Equal Access to Justice Act ("Fee Application"), requesting that the court issue an order authorizing payment of attorney fees in the amount of $3,620.41. (Fee Appl. at 1, ECF No. 28.) The Commission filed a Response, arguing that the court should reduce the fee amount requested in the Fee Application because it is excessive, charging an hourly fee of $175 for work done in 2011 and $177 for work done in 2012, instead of the statutory maximum fee of $125. (Resp. at 1–2, ECF No. 30.) The court referred the matter to Magistrate Judge William H. Baughman, Jr. for preparation of a report and recommendation ("R & R").

Magistrate Judge Baughman submitted his R&R on February 12, 2013, recommending that the Fee Application be granted. (R&R at 14, ECF No. 31.) First, he explained that if a plaintiff produces evidence, in addition to his attorney's affidavit, that the requested rate is comparable to the prevailing rate in the community for similar services by attorneys of reasonably comparable skill, experience, and reputation, then a Fee Application with an hourly rate above the statutory maximum may be granted. (*Id.* at 9.) Next he determined that proof of an increase in the consumer price index and of hourly rates in the area, in addition to the affidavit of another attorney of comparable experience in Social Security law regarding that attorney's hourly rate, which is above $125, collectively, is sufficient evidence to support awarding fees at a rate above the statutory maximum. As Plaintiff provided such evidence, he concluded that the Fee Application should be granted.

As of the date of this Order, neither Plaintiff nor Defendant have filed any objection to the R&R. The period required by law for filing objections ended February 26, 2013. By failing to do so, the parties have waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Further, the court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusion is fully supported by the record. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 31) and grants Plaintiff's Application for Payment of Attorney Fees Pursuant to the Equal Access to Justice Act. (ECF No. 28.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

April 29, 2013